UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MAXUM INDEMNITY COMPANY,

               Plaintiff,                                   OPINION and ORDER

              - against -                            17-cv-02961 (NG) (RER)

HAPPY GARDEN CONSTRUCTION CORP.,
WEN BIN BAO, YUE FEN ZHANG, HONG
NING YIN, INTELOGIC ELECTRIC.,
SHUANG LIANG CHEN, and PING RUI LU

               Defendants.
------------------------------------------------------------x
GERSHON, United States District Judge:

Plaintiff Maxum Indemnity Co. ("Maxum") moves for default judgment against all defendants—Happy Garden Construction Corp. ("Happy Garden"), Intelogic Electric ("Intelogic"), Wen Bin Bao ("Bao"), Yue Fen Zhang ("Zhang"), Hong Ning Yin ("Yin"), Shuang Liang Chen ("Chen"), and Ping Rui Lu ("Lu")[1]—seeking a declaratory judgment to the effect that it has no duty to defend or indemnify the defendants in a personal injury case pending in New York State Supreme Court, Kings County (the "Underlying Action").[2] Plaintiff also seeks attorneys' fees.

---

[1] I refer to Bao, Zhang, Yin, Chen, and Lu as "Individual Defendants."

[2] Plaintiff is incorporated in Delaware and has its principal place of business in Georgia. Happy Garden and Intelogic are incorporated in New York, and all Individual Defendants are domiciled in New York. Thus, complete diversity exists. There is a rebuttable presumption that the face of the complaint, which represents that the amount in controversy exceeds $75,000, is a good faith representation of the amount in controversy. *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). In an action for declaratory judgment, the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (U.S. 1977). Courts look to the pecuniary effect an adverse declaration will have on either party to the lawsuit. *Aetna Cas. & Sur. Co. v. Carpena*, 1991 WL 120362, at *1 (S.D.N.Y. June 21, 1991). Here, given the nature of the underlying personal injury action, there is no reason to doubt plaintiff's representation.

1

As of October 13, 2017, the Clerk of Court had issued certificates of default against all defendants. Plaintiff moved for entry of default judgment on November 20, 2017. Defendants have not opposed the entry of default judgment despite having been served with the summons, Complaint, plaintiff's motion papers, the declaration of Robert S. Nobel, and accompanying exhibits. For the reasons set forth below, plaintiff's requests for declaratory relief are granted. Plaintiff's request for attorneys' fees is denied.

I.   **Facts**

The facts alleged in the complaint are as follows: Plaintiff issued a commercial general liability insurance policy (the "Policy") to defendant Happy Garden for the period of March 4, 2015 to March 4, 2016. Compl. ¶ 14. On September 28, 2015, defendant Chen fell from a ladder or scaffold while performing construction work (the "Accident") at 48-51 187th Street, Fresh Meadows, New York (the "Premises"). Compl. ¶ 20. On February 18, 2016, Chen and his wife, defendant Lu, then filed the Underlying Action against plaintiff, Bao, Zhang, Yin, and Intelogic. Compl. ¶ 20. Plaintiff is currently providing a "gratuitous defense" to Happy Garden and Yin in the Underlying Action. Compl. ¶ 24.

On April 15, 2016, plaintiff interviewed defendant Yin, a principal at Happy Garden. Compl. ¶ 22. Yin informed plaintiff that Chen was hired by and working for Happy Garden at the time of the Accident. Compl. ¶ 22. Yin also stated that Chen was paid in cash, did not receive a W-2, and did not seek workers' compensation benefits from any workers compensation policy that was issued to Happy Garden. Compl. ¶ 23. Plaintiff denied coverage to Happy Garden and Yin in the Underlying Action, Compl. ¶ 25–26, claiming that Happy Garden hired Chen as an independent contractor or the employee of an independent contractor, and the Policy does not provide coverage for independent contractors.

Plaintiff now seeks a declaratory judgment as to the following: First, that the plaintiff has no duty to indemnify or defend Happy Garden or Yin for the matters alleged in the Underlying Action. Second, that Maxum is entitled to terminate and withdraw from its defense of Happy Garden in the Underlying Action. Third, that Yin is not entitled to coverage under the Policy for liability incurred in his personal capacity. Fourth, that Maxum is entitled to recoup from Happy Garden and Yin the defense costs that it incurred in providing a gratuitous defense in the Underlying Action. And fifth, that the Individual Defendants and Intelogic are bound by this court's decision and have no right to make a claim under the Policy with respect to any settlement or judgments obtained in the Underlying Action. Plaintiff also seeks attorneys' fees incurred in litigating the instant suit.

## II. Discussion

Generally, in evaluating a motion for default judgment, a court considers whether a party has established liability as a matter of law by accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the non-defaulting party. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Then, as to damages, the court must conduct an inquiry sufficient to establish damages to a "reasonable certainty." *Jacobsen v. Empire Elec. Contractors, Inc.*, 339 Fed. Appx. 51, 53 (2d Cir. 2009).

In declaratory judgment cases, however, issues of liability and relief are intertwined. *Cont'l Ins. Co. v. Huff Enterprises Inc.*, 2009 WL 3756630, at *5 (E.D.N.Y. Nov. 6, 2009). Courts have discretion to afford declaratory relief following a default, *id.* at *3–4, but there must be "a case or controversy within [the court's] jurisdiction." 28 U.S.C. § 2201(a). To determine whether such a controversy exists, district courts ask: (1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty. *Duane Reade, Inc. v. St. Paul Fire & Marine Ins.*

Co., 411 F.3d 384, 389 (2d Cir. 2005). In this case, "a declaration that plaintiff has no duty to defend or indemnify the [d]efendants will settle an outstanding legal issue, the question of an existing duty." *Narragansett Bay Ins. Co. v. Battaglia*, 2016 WL 7322518, at *3 (E.D.N.Y. Nov. 28, 2016), adopted by 2016 WL 7324083 (E.D.N.Y. Dec. 15, 2016). *See Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941) (holding that a controversy exists when an insurer seeks a declaratory judgment that it need not defend or indemnify an insured). Thus, having found that a controversy exists, I turn to plaintiff's various requests for declaratory relief.

i. *Duty to defend or indemnify defendants*

Regardless of whether Chen is characterized as an independent contractor or employee, plaintiff has no duty to defend or indemnify either Happy Gardens or Yin in the Underlying Action. The Policy contains two provisions that are relevant.[3] The first, "Exclusion – CONTRACTED PERSONS" excludes from coverage "bodily injury" suffered by "[a]ny contractor, subcontractor or independent contractor" contracted by the insured. Compl. ¶ 15. The second, "Action Over Exclusion" denies coverage for the injuries of employees. Compl. ¶ 17. Thus, whether one or the other, there is no coverage. *See Mount Vernon Fire Ins. Co. v. William Monier Constr. Co.*, 1996 WL 447747, at *4 (S.D.N.Y. Aug. 7, 1996), *aff'd*, 112 F.3d 504 (2d Cir. 1997) ("Simply put, even if [injured] were an employee of [insured], the employee exception plainly bars coverage for [injured]"); *Colon v. U.S. Liab. Ins. Grp.*, 2009 WL 2413646, at *3 (E.D.N.Y. Aug. 6, 2009) ("By its express terms, this provision precludes [insurer] from liability for the injury to the plaintiff, who was either an employee of the insured or an employee of an independent contractor retained by the insured.").

ii. *Termination of Defense and Recoupment*

---

[3] Because the Policy is attached to the Complaint, it is deemed included in the Complaint. *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995).

Because plaintiff had no obligation to defend Happy Garden or Yin, it is entitled to terminate and withdraw its defense in the Underlying Action. Plaintiff is also entitled to recoup costs associated with the defense. Compl. ¶¶ 50–51. *Am. Family Home Ins. Co. v. Delia*, 2013 WL 6061937, at *6 (E.D.N.Y. Nov. 15, 2013). ("Because [insurer] had no obligation to defend [insured], it is entitled to reimbursement of the monies it spent on that defense[]"). *Gotham Ins. Co. v. GLNX, Inc.*, 1993 WL 312243, at *4 (S.D.N.Y. Aug. 6, 1993).

 iii. *Additional Requests for Declaratory Relief.*

Finally, plaintiff seeks two additional declarations: First, that Yin is not insured under the Policy in his personal capacity, and second that the Individual Defendants and Intelogic are bound by my decision and have no right to make a claim under the Policy with respect to any settlement or judgment obtained in the Underlying Action. As to the first request, the Policy's plain language clearly states that Happy Garden is the only insured under the Policy. Ex. D to Pl's Decl. Yin, in his personal capacity, is not covered. As to the second request, it goes without saying that parties before me are bound by my decision. Further, neither the Individual Defendants nor Intelogic could make any viable claim under the Policy, as they are not insured under the Policy. Plaintiff's requests are therefore granted.

 iv. *Attorneys' Fees*

Plaintiff also seeks attorneys' fees and costs incurred with the instant case. In New York, the general rule is that litigation costs are not recoverable by the winning litigant. *Employers Mut. Cas. Co. v. Key Pharm.*, 75 F.3d 815, 824 (2d Cir. 1996). Though there is an exception to this general rule where an insurer seeks a declaration that it has no duty to defend and loses, "no countervailing right of recovery exists where an insurer prevails." *Narragansett Bay Ins. Co.*, 2016 WL 7322518 at *4. Plaintiff's request for attorneys' fees is thus denied.

## III.  Conclusion

The Clerk of Court is directed to enter a default judgment against all defendants. The judgment shall include a declaration that: (1) plaintiff has no obligation to defend or indemnify any party in the Underlying Action; (2) plaintiff is entitled to terminate and withdraw from its defense of Happy Garden and defendant Yin in the Underlying Action; (3) defendant Yin is not insured under the Policy in his personal capacity; and (4) defendants Intelogic, Bao, Zhang, Chen, and Lu have no right to make a claim under the Policy with respect to any settlement or judgment obtained in the Underlying Action. Plaintiff's request for attorneys' fees is denied.

**SO ORDERED.**

/s/ *Nina Gershon*
**NINA GERSHON**
**United States District Judge**

May 7, 2018
Brooklyn, New York